24 July 16, 2025 No. 643

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. D. R. L.
and K. A.,
*Appellants.*

Multnomah County Circuit Court
24JU01493;
Petition Number 115018;
A185771 (Control), A185768

In the Matter of C. J. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. D. R. L.
and K. A.,
*Appellants.*

Multnomah County Circuit Court
24JU01494;
Petition Number 115018;
A185772, A185769

In the Matter of K. L.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. D. R. L.

and K. A.,
*Appellants.*

Multnomah County Circuit Court
24JU01495;
Petition Number 115018;
A185773, A185770

Christine A. Martin, Judge. (Judgment September 25, 2024)

Joseph S. Hagedorn, Judge. (Judgment October 30, 2024)

Submitted May 28, 2025.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant B. D. R. L.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant K. A.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Mother and father both appeal judgments asserting dependency jurisdiction over their three children, D, C, and K, based on father's physical abuse of one of the children, mother's inability to protect the children from father's abusive behavior, and the parents being unable or unwilling to provide the necessary interventions and treatment for their children's developmental delays and behavioral and mental health issues. In three assignments of error, father argues for reversal of the jurisdictional judgments in their entirety, contending that the evidence in the record was insufficient to prove that any of his children were exposed to a current, non-speculative threat of harm at the time of the jurisdictional trial. In her first three assignments of error, mother contends that we should remand with instructions to omit mother's inability to protect the children from father's abusive behavior as a basis for jurisdiction, because her trial counsel was inadequate for failing to object to the admission of a shelter order into evidence. In her fourth through sixth assignments of error, mother argues for the same remedy on the alternative basis that the trial court plainly erred in receiving the shelter order into evidence. We affirm.

*Admission of Shelter Order into Evidence.* For an error to be considered plain error for purposes of appellate review, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the reviewing court to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Although mother advances arguments related to the heightened standards that apply at a jurisdictional trial but not at a shelter hearing, she has not directed us to any provision of the Oregon Evidence Code (OEC) or any other law that would render a shelter order inadmissible in its entirety at a jurisdictional trial. Instead, mother's arguments go to the weight that the juvenile court should have given the shelter order or limitations on how it could consider the order at the jurisdictional trial.

Moreover, as the Oregon Department of Human Services (ODHS) points out, at least some of the determinations included in the shelter order—such as the

determination that the juvenile court had subject matter jurisdiction over the case pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act—were relevant to some of the issues before the juvenile court at the jurisdictional trial.[1] *See* OEC 402 ("All relevant evidence is admissible, except as otherwise provided by the Oregon Evidence Code, by the Constitutions of the United States and Oregon, or by Oregon statutory and decisional law.").

Accordingly, we conclude that it is not obvious and beyond reasonable dispute that the shelter order was inadmissible at the jurisdictional trial.

*Inadequate Assistance of Counsel.* In a juvenile dependency case, a parent may raise for the first time on direct appeal a claim that the parent's appointed counsel provided inadequate assistance. *Dept. of Human Services v. T. L.*, 358 Or 679, 700-03, 369 P3d 1159 (2016). A parent who does so must demonstrate "not only that trial counsel was inadequate, but also that the inadequacy prejudiced the parent's rights to the extent that the merits of the juvenile court's decision are called into serious question." *Id.* at 702. In resolving an inadequate-assistance claim, "we look at the totality of the circumstances to determine whether the claimant was denied a fair trial because of the alleged inadequacies or failures, including tactical decisions that counsel could have made or should have made better." *Dept. of Human Services v. L. T. G.*, 329 Or App 270, 271, 540 P3d 1142 (2023) (internal quotation marks omitted).

As noted, mother argues that her trial counsel was inadequate in failing to object to the admission of the shelter order into evidence at the jurisdictional trial as an alternative to her argument that the trial court plainly erred in receiving the shelter order into evidence. As previously discussed, mother has pointed us to no provision of law that would render the shelter order inadmissible such that her trial counsel was inadequate in failing to object to it.

To the extent that mother asserts that her counsel was inadequate for failing to argue that the juvenile court

---

[1] ODHS also observes that the form shelter order used in this case contains a section that appears to be a holdover from former ORS 419.600(3) (1987), which was repealed in 1989. *See* Or Laws 1989, ch 1033, § 8. We express no opinion on that issue.

was limited in the purposes for which it could consider the shelter order, we conclude that mother has failed to demonstrate that she was prejudiced by that inadequacy in the ways that she contends. That is so because the juvenile court expressly found facts to support the "inability to protect" allegation against mother that were not evidenced by the shelter order.

Accordingly, we reject mother's inadequate assistance of counsel claims, without prejudice to her ability to renew those claims before the juvenile court under ORS 419B.923. *See T. L.*, 358 Or at 704 (noting practice of affirming without prejudice to a parent's ability to renew the claim before the juvenile court under ORS 419B.923).

*Sufficiency of the Evidence to Establish Dependency Jurisdiction.* Absent *de novo* review, which father does not seek and which is not appropriate under ORS 19.415(3)(b) and ORAP 5.40(8)(c) in this case, when reviewing the juvenile court's assertion of jurisdiction, we "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018). Juvenile court dependency jurisdiction is authorized under ORS 419B.100(1)(c) when a child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). As the petitioner, ODHS bears the burden of proving a nexus between the allegedly risk-causing conduct and probable harm to the child. *Id.* at 398.

Having reviewed the record, we conclude that the evidence was sufficient to prove a current threat of serious loss or injury to the children on all of the bases on which the juvenile court asserted dependency jurisdiction.

Affirmed.